UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN OLIVEIRA<br>Plaintiff<br><br>vs.<br><br>TOWN OF DOUGLAS, MASSACHUSETTS; BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, MASSACHUSETTS; SHIRLEY MOSCZYNSKI, Individually and as the Chairperson of the Board of Selectman for the Town of Douglas, Massachusetts; and JAY O'CONNOR, Alias, Individually and as the Animal Control Officer, for the Town of Douglas, Massachusetts, PAMELA HOLMES as finance Director for the Town of Douglas, Massachusetts<br>Defendant | Civil Action No.: 05-<br>CA 05 505 T |

COMPLAINT AND DEMAND FOR JURY TRIAL

PARTIES

1. JOHN OLIVEIRA ("Oliveira") is a citizen of the United States and is an individual residing in Bristol, Rhode Island.

2. Defendant, Town of Douglas, MA, ("Town") is a municipal corporation authorized and operating pursuant to state law and PAMELA HOLMES, is its Director of Finance.

3. Defendant, Board of Selectman for the Town of Douglas, MA ("Board") is the duly authorized decisions makers for the Town and is participated in and/or investigated the incident, which is the cause and purpose of this Complaint.

4. Defendant, Shirley Mosczynski,("Mosczynski") is the Chairperson of the Board, and was the person who was in charge of the actions by the Board who participated in and/or investigated the incident, which is the cause and purpose of this Complaint.

5. Defendant, Animal Control Officer, Jay O'Connor ("O'Connor") is the animal control officer employed by the Town, who participated in and/or investigated the incident, which

is the cause and purpose of this Complaint.

## GENERAL ALLEGATIONS

6. Plaintiff is a resident of Rhode Island and the owner of property located in the Town of Douglas, MA ("Douglas").

7. Property owned by Plaintiff in Douglas is used for business purposes.

8. Plaintiff was the owner of two (2) dogs that resided on said property.

9. On or about October 31, 2000, Assistant Animal Control Officer Maura O'Connor ("M. O'Connor") removed one (1) of the dogs located at the property and removed said dog.

10. Upon belief, said dog was removed from Douglas and impounded in another Town, where Plaintiff was required to reclaim said dog.

11. On or about November 2, 2000, Animal Control Officer Jay O'Connor ("J. O'Connor").spoke with Plaintiff over the telephone.

12. J. O'Connor, upon belief, is not a resident of Douglas as required by the Douglas Dog Control By-Laws, section F.3.

13. While on the phone with J. O'Connor, Plaintiff ended the conversation with J. O'Connor and hung up the phone.

14. J. O'Connor called back Plaintiff and threatened Plaintiff by telling him never to hang up the phone on him again or he would be brought into court and the dog would be taken from the property.

15. On or about November 2, 2000, Plaintiff filed a formal complaint on J. O'Connor.

16. On or about May 11, 2004, Plaintiff was notified regarding a hearing on his dogs located at the property in Douglas.

17. Said hearing was scheduled to determine whether the dog still located on the property was licensed and vaccinated.

18. Plaintiff notified the Board that he denied the allegations, that he could not drive at night, and therefore he would not be attending the hearing.

19. Plaintiff removed said dog from the property before the scheduled hearing.

20. On or about November 28, 2000, a hearing was held despite Plaintiff's inability to attend, at which time it was voted that "**in the absence of the dog owner's compliance with this order**, the Board further orders that the . . . . dog remaining on the property be banished from the Town of Douglas" (emphasis added).

21. Said actions were taken by the Board though it failed to follow its own Dog Control By-Laws as to when action can be taken against a dog owner.

22. On April 26, 2004, Plaintiff was issued a dog license by Douglas for said dog.

23. Said license stated that said dog was vaccinated up through February 2, 2006.

24. On or about May 5, 2004, Plaintiff was notified about a complaint of a dog "owned and harbored . . . . at 85 Hemlock Street, Douglas, MA".

25. Plaintiff owns property at 86 Hemlock Street, Douglas, MA.

26. On or about May 11, 2004, Plaintiff wrote and hand delivered to the Board a letter in which he asked for any and all records as to the complaint.

27. Douglas and the Board refused to honor said request.

28. No hearing was ever held as to the new complaint brought against Plaintiff or the owner of 85 Hemlock Street, Douglas, MA.

29. On or about June 22, 2004, a letter was sent by Plaintiff's attorney to Mosczynski with copies sent to J. O'Connor, Animal Inspector Richard Downs, Police Chief Patrick Foley, and the Douglas Town Clerk stating that his dog was licensed and vaccinated (copy of said license was included with said letter) and that all conditions for the return of his dog to the property had been complied with.

30. On or about July 23, 2004, Town filed a complaint in the Commonwealth of Massachusetts Superior Court seeking an injection against Plaintiff as to his dog.

31. As part of said complaint, an affidavit was presented by J. O'Connor verifying said complaint.

32. As part of the complaint there was no mention of the dog being licensed and vaccinated nor was there mention of any correspondence between the Town (and its representatives) and the attorney for Plaintiff.

33. As of the filing of this action, Plaintiff has been unable to have the necessary protection of his property in Douglas, thereby suffering damage to his business and property and has had to pay an attorney to defend his legal actions.

34. Plaintiff has satisfied the necessary Statutory requirements by filing a claim for damages with the Board, by and through its Chairperson, Mosczynski and thereafter said claim was not settled within the required six (6) months.

35. Plaintiff demands a jury trial on all claims asserted in this Complaint.

## COUNT I

36. Paragraphs 1 through 35 are hereby incorporated by reference as if fully set forth herein.

37. On or about the aforesaid dates, the Defendants, Mosczynski and J. O'Connor, acting in their official capacity and under color of state law, purposely disregarded all evidence proving that Plaintiff had complied with all Orders of the Town by licensing and vaccinating his dog.

38. On or about the aforesaid dates, the Defendants, Mosczynski and J. O'Connor, acting in their official capacity and under color of state law, filed a complaint in the Commonwealth of Massachusetts Superior Court and received an injunction against Plaintiff as to his dog by purposely misrepresenting to the court all evidence proving that Plaintiff had complied with all Orders of the Town by licensing and vaccinating his dog.

39. As a direct and proximate result of the actions by Mosczynski and J. O'Connor as aforesaid, Plaintiff suffered serious damages, incurred damage to his property and business, and otherwise suffered great pain, humiliation and loss of person dignity.

40. The actions of Mosczynski and J. O'Connor were willful, malicious, and in reckless disregard of Plaintiff's civil rights.

41. The actions of the Defendants were done intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to Plaintiff and therefore, punitive damages are justified.

## COUNT II

42. Paragraphs 36 through 41 are hereby incorporated by reference as if fully set forth herein.

43. On or about November 2, 2000, Plaintiff filed a formal complaint on J. O'Connor for his threats to Plaintiff.

44. On July 23, 2004, J. O'Connor verified a complaint filed in Massachusetts Superior Court.

45. J. O'Connor purposely misrepresenting to the court all evidence proving that Plaintiff had complied with all Orders of the Town by licensing and vaccinating his dog.

46. Mosczynski also had evidence that Plaintiff had complied with all Orders of the Town by licensing and vaccinating his dog and still had the complaint filed by and through the Board.

47. As a direct and proximate result of the actions by Mosczynski and J. O'Connor as aforesaid, Plaintiff suffered serious damages, incurred damage to his property and business, and otherwise suffered great pain, humiliation and loss of person dignity.

48. Such actions of the Defendants were done with a wanton and reckless disregard of the consequences to Plaintiff.

49. The actions of the Defendants were done intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to Plaintiff and therefore, punitive damages are justified.

COUNT III

50. Paragraphs 1through 49 are hereby incorporated by reference as if fully set forth herein.

51. Town has By-Laws it is to follow when presiding over the legislation of its citizens.

52. Town did not follow said By-Laws when it took the aforementioned actions against Plaintiff.

53. All actions and Orders against Plaintiff are unconstitutional and illegal.

54. Plaintiff was subject to deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States.

55. Such actions and statements were made with knowledge that Plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy Plaintiff.

56. Such actions were made with a wanton and reckless disregard of the consequences to Plaintiff.

57. The actions and statements of the Defendants were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to Plaintiff and therefore, punitive damages are justified.

COUNT IV

58. Paragraphs 50 through 57 are hereby incorporated by reference as if fully set forth herein.

59. On or about May 5, 2004, Plaintiff was notified about a complaint of a dog "owned and harbored . . . . at 85 Hemlock Street, Douglas, MA".

60. Plaintiff owns property at 86 Hemlock Street, Douglas, MA and does not own property at 85 Hemlock Street, Douglas, MA.

61. On or about May 11, 2004, Plaintiff wrote and hand delivered to the Board a letter in which he asked for any and all records as to the complaint.

62. Douglas and the Board refused to honor said request.

63. No hearing was ever held as to the new complaint brought against Plaintiff or the owner of 85 Hemlock Street, Douglas, MA.

64. On or about June 22, 2004, a letter was sent by Plaintiff's attorney to Mosczynski with copies sent to J. O'Connor, Animal Inspector Richard Downs, Police Chief Patrick Foley, and the Douglas Town Clerk stating that his dog was licensed and vaccinated (copy of said license was included with said letter) and that all conditions for the return of his dog to the property had been complied with.

65. No hearing on said complaint was still scheduled or held even though Plaintiff did not own property at 85 Hemlock Street, Douglas, MA and there was proof that said dog was currently licensed and vaccinated.

66. On or about July 23, 2004, without a proper hearing, the Town filed a complaint in the Commonwealth of Massachusetts Superior Court seeking an injunction against Plaintiff as to his dog.

67. With proper procedure and thorough investigation, the Civil Rights of Plaintiff would not have been violated.

68. Such actions were made with a wanton and reckless disregard of the consequences to Plaintiff.

69. Due to the Defendants' actions, Plaintiff suffered humiliation, mental anguish, emotional and physical distress, and damage to his property and business.

70. The actions and statements of the Defendants were made intentionally, wantonly, maliciously and aggressively and with total disregard of the consequences to Plaintiff and therefore, punitive damages are justified.

COUNT V

71. Paragraphs 58 through 70 are hereby incorporated by reference as if fully set forth herein.

72. On April 26, 2004, Plaintiff was issued a dog license by Douglas for said dog.

73. Said license stated that said dog was vaccinated up through February 2, 2006.

74. On or about May 5, 2004, Plaintiff was notified about a complaint of a dog "owned and harbored . . . . at 85 Hemlock Street, Douglas, MA".

75. Plaintiff owns property at 86 Hemlock Street, Douglas, MA.

76. On or about May 11, 2004, Plaintiff wrote and hand delivered to the Board a letter in which he asked for any and all records as to the complaint.

77. No hearing was ever held as to the new complaint brought against Plaintiff or the owner of 85 Hemlock Street, Douglas, MA.

78. On or about June 22, 2004, a letter was sent by Plaintiff's attorney to Mosczynski with copies sent to J. O'Connor, Animal Inspector Richard Downs, Police Chief Patrick Foley, and the Douglas Town Clerk stating that his dog was licensed and vaccinated (copy of said license was included with said letter) and that all conditions for the return of his dog to the property had been complied with.

79. On or about July 23, 2004, Town filed a complaint in the Commonwealth of Massachusetts Superior Court seeking an injunction against Plaintiff as to his dog.

80. Defendants had a duty to investigate and verify that such accusations were true.

81. Defendants breached its duty by stating untrue facts.

82. Due to the negligence of Defendants, as described previously, which are incorporated by reference, Plaintiff suffered humiliation, mental anguish, emotional and physical distress, and damage to his property and business.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Rule for Plaintiff and against Defendants as to all counts set forth in this complaint;

b. Award Plaintiff compensatory damages as allowed by law.

c. Award Plaintiff punitive damages as allowed by law.

d. Award Plaintiff costs of suit, including reasonable attorneys' fees.

e. Award such other and further relief as this Honorable Court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

PLAINTIFF,
JOHN OLIVEIRA
by his attorney

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 telephone
(401) 722-9919 fax

# VERIFICATION

I, JOHN OLIVEIRA, under pains and penalties of perjury declare and verify that the facts set forth in the foregoing verified complaint are true and accurate based upon my own observations, understandings and personal beliefs.

John Oliveira

JOHN OLIVEIRA

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to me this 28th day of November, 2005.

NOTARY PUBLIC
My Commission Expires: 12-24-07