UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN OLIVEIRA<br>Plaintiff<br><br>vs.<br><br>TOWN OF DOUGLAS, MASSACHUSETTS; BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, MASSACHUSETTS; SHIRLEY MOSCZYNSKI, Individually and as the Chairperson of the Board of Selectman For the Town of Douglas, Massachusetts; and JAY O'CONNOR, Alias, Individually and as the Animal Control Officer, for the Town of Douglas, Massachusetts, PAMELA HOLMES as Finance Director for the Town of Douglas, Massachusetts<br>Defendant | Civil Action No.: 05-505 T |

MEMORANDUM IN RESPONSE TO THE SHOW CAUSE ORDER

Now comes the Plaintiff in the above-entitled matter and hereby submits the following in response to Judge Torres' Show Cause Order dated January 17, 2006, requesting written information why Plaintiff's Complaint should not be dismissed for lack of jurisdiction. Plaintiff satisfies jurisdiction based on diversity and violation of Federally protected rights.

DIVERSITY

The "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different States." *28 USCS § 1332(a)(1) (2005)*, Diversity of citizenship; amount in controversy; costs. In the above-referenced matter, Plaintiff is a resident of Rhode Island and none of the named Defendants are also citizens of Rhode Island. Therefore, diversity between the parties exists.

In addition, the amount in controversy is greater than the required amount of $75,000.00. *Caterpillar Inc.* v. *Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d

humiliation and embarrassment and the subsequent damage to his property that occurred because of no guard dog; attorney's fees for representation as to the matter with the Town of Douglas before suit was anticipated; and lost wages due to the actions of the Town of Douglas and protection of his property.

VIOLATION OF FEDERALLY PROTECTED RIGHTS

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 USCS § 1331 (2005). In the above-referenced matter, Plaintiff has brought numerous counts arising under the Constitution. First, Counts I, II & V of Plaintiff's complaint alleges a 28 USCS § 1331 (2005) claim. This is based on the actions of the dog warden and the City Counsel ignoring documentation from Plaintiff's attorney proving that the dog in question had met all requirements imposed by the Town of Douglas. Though all requirements had been met, the Town of Douglas went forth with legal action, the threat of removal of his dog, and the threat of death to his dog. There was no logical reason for theses actions or threats other than to violate Plaintiff's civil rights. Furthermore, as part of its lawsuit, the Town of Douglas used an affidavit by Animal Control Officer Jay O'Connor that purposely did not include the information sent by Plaintiff's attorney. Animal Control Officer Jay O'Connor provided his affidavit after Plaintiff wrote a formal complaint against him.

Last, in Count IV of Plaintiff's complaint, Defendants' actions were unconstitutional in that the Town of Douglas did not provide a due process hearing based upon the second notice of violation that was given to at 85 Hemlock Street, Douglas, MA. Plaintiff's property was at 86 Hemlock Street, Douglas, MA. Defendants attempted to piggy back the hearing from the first notice of violation onto the second notice. If a hearing was properly held, the Town of Douglas would not only have determined that the address given as to where the violation occurred was not Plaintiff's address, but it would have determined that the dog in question had obtained all requirements required by the Town of Douglas. Therefore, Plaintiff's due process rights were violated.

Therefore, Plaintiff respectfully requests this Honorable Court to grant that jurisdiction does exist in the above-referenced matter and allow this matter to remain in this Honorable Court.

PLAINTIFF
By his Attorney

BRUCE P. GLADSTEIN (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900