UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN OLIVEIRA<br>Plaintiff | : |
| vs. | : Civil Action No.: 05-505 T |
| TOWN OF DOUGLAS, MASSACHUSETTS; BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, MASSACHUSETTS; SHIRLEY MOSCZYNSKI, Individually and as the Chairperson of the Board of Selectman: For the Town of Douglas, Massachusetts; and JAY O'CONNOR, Alias, Individually and as the Animal Control Officer, for the Town of Douglas, Massachusetts, PAMELA HOLMES as Finance Director for the Town of Douglas, Massachusetts<br>Defendant | : |

MOTION FOR RECONSIDERATION

Now comes the Plaintiff in the above-entitled matter, and hereby requests this Court to reconsider its decision to dismiss Plaintiff's Complaint given on February 22, 2006. The grounds for Plaintiff's request are set forth in the attached memorandum of law.

PLAINTIFF
By his Attorney

BRUCE P. GLADSTEIN (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900

CERTIFICATION

I hereby certify that on the 6 day of March, 2006, I mailed a true copy of the within, postage paid, to Attorney John J. Cloherty, Pierce, Davis & Perritano LLP, Ten, Winthrop Square, Boston MA 02110-1257.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN OLIVEIRA<br>Plaintiff<br><br>vs.<br><br>TOWN OF DOUGLAS, MASSACHUSETTS; BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, MASSACHUSETTS; SHIRLEY MOSCZYNSKI, Individually and as the Chairperson of the Board of Selectman For the Town of Douglas, Massachusetts; and JAY O'CONNOR, Alias, Individually and as the Animal Control Officer, for the Town of Douglas, Massachusetts, PAMELA HOLMES as Finance Director for the Town of Douglas, Massachusetts<br>Defendant | Civil Action No.: 05-505 |

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Now comes the Plaintiff in the above-entitled matter, and hereby requests this Court to reconsider its decision to dismiss Plaintiff's Complaint given on February 22, 2006. The grounds for Plaintiffs' request are set forth as follows.

On January 17, 2006, Judge Torres directed a Show Cause Order requesting written information why Plaintiffs Complaint should not be dismissed for lack of jurisdiction. In that the Order was not clear as to the type of jurisdiction Judge Torres was seeking, Plaintiff assumed that jurisdiction being sought was subject matter jurisdiction. On February 22, 2006, Judge Torres dismissed Plaintiff's Complaint for lack of personal jurisdiction. Due to the confusion of the Show Cause Order, Plaintiff now requests that he be allowed to argue as to whether personal jurisdiction has been obtained.

**FACTS**

Plaintiff is a resident of the State of Rhode Island (Town of Bristol (hereafter referred to as "Bristol")) and has a place of business in the State of Massachusetts (Town of Douglas (hereafter referred to as "Douglas")). The nature of Plaintiff's action is the

ownership of two (2) dogs that were located on the Plaintiff's property located in Douglas and Douglas' subsequent actions regarding said dogs. On or about October 31, 2000, Assistant Animal Control Officer Maura O'Connor ("M. O'Connor") removed one (1) of the dogs located at the property in Douglas and impounded said dog in another Town, where Plaintiff was required to reclaim said dog. On or about November 2, 2000, Animal Control Officer Jay O'Connor ("J. O'Connor").spoke with Plaintiff over the telephone. Plaintiff was in Bristol when said phone call occurred. While on the phone with J. O'Connor, Plaintiff ended the conversation with J. O'Connor and hung up the phone. J. O'Connor then called back Plaintiff in Bristol and threatened Plaintiff by telling him never to hang up the phone on him again or he would be brought into court and the dog would be taken from the property. On or about November 2, 2000, Plaintiff filed a formal complaint on J. O'Connor. On or about November 3, 2000, Plaintiff was notified regarding a hearing on his dogs located at the property in Douglas (see Exhibit A). Defendants had a local address in Douglas by which it could have notified Plaintiff of the hearing. Instead, Defendants purposefully chose to notify Plaintiff at his home address in Bristol and not the address in Douglas. On or about November 15, 2000, Plaintiff was notified regarding a rescheduled hearing on his dogs located at the property in Douglas (see Exhibit B). Again, Defendants purposefully chose to notify Plaintiff at his home address in Bristol and not the address in Douglas. Shortly thereafter, Plaintiff notified the Board that he denied the allegations, that he could not drive at night, and therefore he would not be attending the hearing. Said notification from Plaintiff to Defendants was from Bristol. Plaintiff then removed said dog from the property before the scheduled hearing. On December 4, 2000, Defendants sent a copy of the Order from the November 28, 2000 hearing to Plaintiff at his Bristol address and not at his Douglas address (see Exhibit C). Again, Defendants purposefully chose to notify Plaintiff at his home address in Bristol and not the address in Douglas. On April 26, 2004, Plaintiff was issued a dog license by Douglas for said dog. Said license stated that said dog was vaccinated up through February 2, 2006. On or about May 5, 2004, Plaintiff was notified about a complaint of a dog "owned and harbored . . . . at 85 Hemlock Street, Douglas, MA" though Plaintiff owned property at 86 Hemlock Street in Douglas and not at 85 Hemlock Street (see Exhibit D). Again, Defendants purposefully chose to notify Plaintiff at his

home address in Bristol and not the address in Douglas. On or about June 22, 2004, a letter was sent by Plaintiff's attorney to Mosczynski with copies sent to J. O'Connor, Animal Inspector Richard Downs, Police Chief Patrick Foley, and the Douglas Town Clerk stating that his dog was licensed and vaccinated (copy of said license was included with said letter) and that all conditions for the return of his dog to the property had been complied with. On or about July 23, 2004, Town filed a complaint in the Commonwealth of Massachusetts Superior Court seeking an injection against Plaintiff as to his dog. Said Complaint was served upon Plaintiff at his Bristol address and not at his Douglas address. On or about August 5, 2004, a letter was sent by the Attorney for Defendants to Plaintiff informing Plaintiff of a Preliminary Injunction (see Exhibit E). Again, Defendants purposefully chose to notify Plaintiff at his home address in Bristol and not the address in Douglas.

**ARGUEMENT**

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co*. v. *Washington*, 326 U.S., at 319. By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer* v. *Heitner*, 433 U.S. 186, 218 (1977) (STEVENS, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *World-Wide Volkswagen Corp*. v. *Woodson*, 444 U.S. 286, 297 (1980). The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *World-Wide Volkswagen Corp*. v. *Woodson, supra*, at 299.

The sufficiency of minimal contacts to support an exercise of personal jurisdiction

cannot be determined by any fixed formula or rule but must rest on a consideration of what is fair and reasonable in the circumstances of each particular case. *Sandstrom v. Chemlawn Corp.*, 904 F.2d 83 (1st Cir. 1990). Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there. *Keeton* v. *Hustler Magazine, Inc.*, 465 U.S. 770, 774-775 (1984). Lastly, if the non-resident defendant conducts a single or occasional act of a certain nature and quality, that act may be deemed sufficient to subject such defendant to jurisdiction in suits arising out of that activity. Id. In *Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 207 U.S.P.Q. (BNA) 713 (1st Cir. 1980), the First Circuit held that the mere sending of an infringement letter into the forum state is not enough to confer jurisdiction. While it is true that mailings alone do not confer personal jurisdiction on the senders, this is more than mere mailings. Even though the incidents complained of by Defendants occurred in Douglas, Defendants purposefully chose to notify Plaintiff at his home address in Bristol and not the address in Douglas. There were at least four (4) of these type of mailings. In addition, Defendants spoke with Plaintiff by phone while Plaintiff was located in Bristol. Plaintiff had an answering machine at his business address located in Douglass. However, Defendants chose not to leave a message at said machine but instead purposefully chose to contact and subsequently threaten Plaintiff at his home address in Bristol.

Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *International Shoe Co.* v. *Washington*, 326 U.S., at 320. Thus courts in "appropriate [cases]" may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the

most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S., at 292. These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. See, *e. g., Keeton* v. *Hustler Magazine, Inc., supra*, at 780; *Calder* v. *Jones, supra*, at 788-789; *McGee* v. *International Life Insurance Co., supra*, at 223-224. On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. Most such considerations usually may be accommodated through means short of finding jurisdiction unconstitutional. For example, the potential clash of the forum's law with the "fundamental substantive social policies" of another State may be accommodated through application of the forum's choice-of-law rules. Similarly, a defendant claiming substantial inconvenience may seek a change of venue.

Last, and most importantly, most of the past Court decisions have dealt with personal jurisdiction based on commercial activities between parties. The First Circuit has addressed the issue of non-commercial activities, specifically, actions by plaintiffs that dealt with federal questions, as is similar to the action in this matter. In *United Electrical Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992), the Court ruled that "(I)nasmuch as the federalism concerns which hover over the jurisdictional equation in a diversity case are absent in a federal question case, a federal court's power to assert personal jurisdiction is **geographically expanded**. (emphasis added). In such circumstances, the Constitution requires only that the defendant have the requisite 'minimum contacts' with the United States, rather than with the particular forum state (as would be required in a diversity case)." Plaintiff clearly has established the minimum requirements necessary for personal jurisdiction by the Defendants with the United States.

In the alternative, if this Honorable Court determines that there is a lack of personal jurisdiction, in the interest of justice and for the convenience of the parties and witnesses, this matter should be transferred to the United States District Court for the District of Massachusetts. *28 U.S.C. § 1404(a)* states that "for the convenience of parties

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court of the United States has held that *28 USC 1406(a)* authorizes the transfer of cases even where the court lacks personal jurisdiction over the defendant. *Goldlawr, Inc., v. Heiman et al.*, 369 U.S. 463 (1962).

**CONCLUSION**

For the reasons cited herein, Plaintiff respectfully requests that Court reconsider its ruling given on February 22, 2006 and allow the claims of Plaintiff be reinstated and heard in the Federal District Court of Rhode Island. In the alternative, Plaintiff requests this Honorable Court to allow the claims of Plaintiff be reinstated and then, for judicial economy, permit Plaintiff to transfer the case to the Federal District Court of Massachusetts.

PLAINTIFF
By his Attorney

BRUCE P. GLADSTEIN (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900

CERTIFICATION

I hereby certify that on the 6 day of March, 2006, I mailed a true copy of the within, postage paid, to Attorney John J. Cloherty, Pierce, Davis & Perritano LLP, Ten, Winthrop Square, Boston, MA 02110-1257