UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 05-505

JOHN OLIVEIRA,
Plaintiff

v.

TOWN OF DOUGLAS, MASSACHUSETTS; BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, MASSACHUSETTS; SHIRLEY MOSCZYNSKI, Individually and as the Chairperson of the Board of Selectman for the Town of Douglas, Massachusetts; and JAY O'CONNOR, Alias, Individually and as Animal Control Officer, for the Town of Douglas, Massachusetts; PAMELA HOLMES, as Finance Director for the Town of Douglas, Massachusetts,
Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Now come the Defendants, Town of Douglas, Board of Selectman for the Town of Douglas, Shirley Mosczynski, Jay O'Connor, and Pamela Holmes, hereby Oppose Plaintiff's Motion for Reconsideration of the Dismissal of the Complaint. As further grounds for their Motion, Defendants state:

1. This Court Correctly Ruled it Lacks Personal Jurisdiction over the Massachusetts Defendants
2. The Plaintiff's Complaint fails to State a Claim for Relief for Those Grounds Set Forth in Defendants' Motion to Dismiss

In further support of their Opposition, Defendants submit the accompanying Memorandum of Law, incorporated here by reference.

WHEREFORE, Defendants Town of Douglas, Board of Selectman for the Town of Douglas,

Shirley Mosczynski, Jay O'Connor, and Pamela Holmes, respectfully request that this Honorable Court Deny Plaintiff's Motion for Reconsideration and Dismiss each Count of Plaintiff's Complaint against them, with prejudice, costs, attorney fees and such other relief this Court deems just and proper.

Respectfully submitted,

The Defendants,
TOWN OF DOUGLAS, BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, SHIRLEY MOSCZYNSKI, JAY O'CONNOR, AND PAMELA HOLMES,
By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III, RI Bar No. 5068
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Providence Office:
128 Dorrance Street - Suite 400
Providence, RI 02903

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 3/16/06

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 05-505

JOHN OLIVEIRA,
Plaintiff

v.

TOWN OF DOUGLAS, MASSACHUSETTS; BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, MASSACHUSETTS; SHIRLEY MOSCZYNSKI, Individually and as the Chairperson of the Board of Selectman for the Town of Douglas, Massachusetts; and JAY O'CONNOR, Alias, Individually and as Animal Control Officer, for the Town of Douglas, Massachusetts; PAMELA HOLMES, as Finance Director for the Town of Douglas, Massachusetts,
Defendants

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

This Court correctly concluded that there is no personal jurisdiction over Defendants. The Plaintiff in moving to reconsider asserts only that there were five letters sent by the Town of Douglas Massachusetts to Plaintiff at his Rhode Island address. See Pl.'s Mot. Reconsider. Notably, three of these letter are dated in the year 2000, well outside any applicable statue of limitations. As Plaintiff concedes in his Motion, however, "it is true that these mailings alone do not confer personal jurisdiction on the sellers." See Pl.'s Mot. Reconsider Memo. Law p. 4 (citing Nova Biomedical Corp. v. Moller, 629 F.2d 190 (1st Cir. 1980). Nothing in his motion justifies any divergence from this conclusion, or even any good faith basis upon which to seek reconsideration. This court should deny the motion to reconsider.

### A. This Court Lacks Personal Jurisdiction over the Massachusetts Defendants

The Defendant's set forth a detailed argument in their Motion to Dismiss establishing this court lacked personal jurisdiction. In a similar case, the First Circuit found that the Massachusetts federal "district court properly held that it lacked personal jurisdiction over the out-of-state governmental entities." Glaros v. Perse 628 F.2d 679, 681 (1st Cir. 1980). The Glaros Court went onto dismiss Plaintiff's claim that he effected service under the local long-arm statute by stating Plaintiff "failed to allege facts that, if proved, would confer such long-arm jurisdiction over the out-of-state governmental entities. There were, for example, no concrete allegations in his complaint that these defendants transacted business in Massachusetts or caused tortious injury by an act or omission in Massachusetts, ... or engaged in other activity within the statute." See Id. (citing Mass. Gen. L. ch. 223A, § 3(a) and (c), the long-arm statute). So too here, Plaintiff's allegations are wholly confined to activity within the state of Massachusetts by Massachusetts municipal officers, there are no "concrete allegations" in the complaint of activity by the Town of Douglas or its officials within the State of Rhode Island. The Glaros Court spent some time refuting the Plaintiff's contention that unsupported allegations of conspiracy with in-state co-defendants would provide personal jurisdiction, however here no such conspiracy existed or is alleged. See Glaros v. Perse, 628 F.2d 679, 683 n. 5 (1st Cir. 1980) (stating "the district court lacked personal jurisdiction over the out-of-state municipal defendants in any event"). Thus Plaintiff's Complaint must be dismissed.

Looking to application of constitutional principles of personal jurisdiction, this case must be analyzed within the context of the familiar "minimum contacts" test enunciated in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Under this standard, the exercise of personal jurisdiction is permissible if (1) the party has "minimum contacts" with the

territory of the "forum" and (2) the assertion of jurisdiction comports with "traditional notions of fair play and substantial justice." Id. at 316, 66 S.Ct. 154 (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Only if both these conditions are satisfied may the district court constitutionally bind the party to judgment. The First Circuit, has held that, at least in cases premised on diversity of citizenship, a federal district court cannot exercise personal jurisdiction unless the party has some affiliation--"minimum contacts"--with the state in which the court sits. See, e.g., United Elec., Radio. & Mach. Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir.1992). Under this reasoning, the "forum" of the district court is the same as the "forum" of the courts of the state encompassing the district. Id. In the years following International Shoe, the Supreme Court has attempted to define further the modern requirement of "minimum contacts." See, e. g., McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). These decisions establish a test of personal jurisdiction which turns ultimately on concepts of "reasonableness" and "fairness" and "traditional notions of fair play and substantial justice."

In the present case, the Town of Douglas Massachusetts, being a municipality outside of the State of Rhode Island, cannot "Conduct business" within the State of Rhode Island. There are no allegations that any of the Town's officials transacted any business within the State of Rhode Island. In fact, it is arguable that the Town officials are without authority to do so. It is only the Plaintiff, an alleged resident of Rhode Island, who has any connection to the State. Plaintiff has not alleged, nor can he establish, sufficient "minimum contacts" to give this Court personal jurisdiction over the Defendants, and thus the Complaint must be dismissed.

In response, while Plaintiff acknowledges that mere sending of correspondence to Plaintiff at his Rhode Island address cannot confer jurisdiction, Plaintiff argues that because he also had a Massachusetts business address, this somehow creates personal jurisdiction over the Massachusetts defendants.[1] See Pl.'s Mot. Reconsider Memo. Law p. 4. This simply defies logic, and is not supported by any case law. The Nova Biomedical Case interpreted the Massachusetts long-arm statute, and found there was personal jurisdiction because there were more contacts than simple letter writing. See Nova Biomedical Corp. v. Moller, 629 F.2d 190 (1st Cir.1980) (holding that out-of-state patent holder could be subject to long-arm jurisdiction given patent holder's extensive and on-going contacts with forum through licensing agreement for patented product). Other courts, however, addressing patent infringement cases have concluded that letter writing alone is insufficient to confer jurisdiction. See, e.g. Cascade Corp. v. Hiab-Foco AB, 619 F.2d 36 (9th Cir. 1980) (affirming district court could not assert jurisdiction over Swedish corporation under Oregon long-arm statute on basis of letters written by Swedish corporation to Oregon corporation contending that Oregon corporation was infringing patent).

The First Circuit has ruled that the district court properly found no personal jurisdiction over claims of breach of contract and breach of fiduciary duty asserted by New Hampshire private school against a nonresident fund arising merely from the fund's acts of transmitting checks into forum state once a year, sending a few letters to school, and visiting school on one occasion. See Phillips Exeter

[1] To the extent Plaintiff asserts that telephone calls were made to Plaintiff by Town Officials, such allegations are not supported by any affidavit nor contained within the four corners of the complaint. Furthermore, the making of telephone calls into a state is not sufficient to confer personal jurisdiction. See Nicholas v. Buchanan, 806 F.2d 305, 307 (1st Cir. 1986) (stating "Nor do we believe that Nicholas' generalized reference to inter-state contacts 'via telephone communications' and 'via U.S. mail,' without more, is sufficient to satisfy due process requirements" for personal jurisdiction) (citing Rhode Island long-arm statute).

Academy v. Howard Phillips Fund, 196 F.3d 284 (1st Cir. 1999). Similarly, sending correspondence, even combined with visits to the State, has been deemed insufficient to create personal jurisdiction. See, e.g. Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26 (1st Cir. 1998) (holding national bar association's accreditation committee members were not subject to personal jurisdiction in Massachusetts even where three members participated in disputed meeting in Massachusetts, attended a members' retreat in Massachusetts, the association's consultant wrote letters to plaintiff school informing school of denial of its request for approval); U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9 (1st Cir. 1990) (holding letters sent by nonresident yacht manufacturer to yacht dealer in Puerto Rico which extended dealership to Puerto Rico, granted commission credit, and cancelled dealership were not sufficient contacts to support exercise of personal jurisdiction). In contrast to the present case, the First Circuit has reject personal jurisdiction when the defendant did much more than merely select to send correspondence to an in-state address in lieu of an out-of-state address. Plaintiff has alleged nothing more to support personal jurisdiction over an out-of-state municipality and its officials where the subject matter of the dispute occurred solely in another state. This Court should deny the Motion to Reconsider.

### B. The Plaintiff's Complaint fails to State a Claim for Relief

As set forth in the previously filed Motion to Dismiss, the Plaintiff's Complaint fails to state a claim for relief even should this Court determine personal jurisdiction exists. The Defendants hereby incorporate by reference those arguments set forth in their Memorandum of Law in support of their Motion to Dismiss. In a nutshell, the Complaint is defective for a number of reasons: 1) the Rooker-Feldman doctrine--with certain exceptions (e.g., habeas corpus)--precludes a lower federal court from invalidating state civil judgments. See Mandel v. Town of Orleans, 326 F.3d 267, 271

(1st Cir. 2003); 2) the Younger Abstention Doctrine instructs that federal courts should not interject themselves into ongoing state adjudications, including administrative proceedings. See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 623-27, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (extending Younger to some state administrative proceedings); 3) the Plaintiff cannot sustain a due process claim where Plaintiff did obtain a hearing, presumably upon due notice, and has adequate post-deprivation remedies; 4) "[i]t is bedrock law in this circuit, however, that violations of state law--even where arbitrary, capricious, or undertaken in bad faith--do not, without more, give rise to a denial of substantive due process under the U.S. Constitution." Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992) (emphasis added); 5) the individual Defendants are entitled to qualified immunity from Plaintiff's alleged civil rights violations for performing discretionary functions; 6) the individual defendants are absolutely immune from liability for sworn testimony; and 7) Plaintiff failed to serve the individually-named defendants. Given these myriad grounds upon which the Complaint fails to state a claim, this Court should not undertake to reconsider it's earlier dismissal for lack of personal jurisdiction.

## Conclusion

For the above-captioned reasons, and those grounds set forth in their previously filed Motion to Dismiss and accompanying Memorandum, the Defendants respectfully request the Honorable Court Deny Plaintiff's Motion for Reconsideration, and Dismiss the Case, with prejudice, costs, attorney fees and such other relief this Court deems just and proper.

Respectfully submitted,

The Defendants,
TOWN OF DOUGLAS, BOARD OF SELECTMAN FOR THE TOWN OF DOUGLAS, SHIRLEY MOSCZYNSKI, JAY O'CONNOR, AND PAMELA HOLMES,
By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III, RI Bar No. 5068
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Providence Office: 128 Dorrance Street - Suite 400
Providence, RI 02903

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 3/16/06.